UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SYLVANUS BORDERS | CIVIL ACTION |
| VERSUS | No. 07-5399 |
| LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY, *et al.* | SECTION: I/4 |

### ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiff, Sylvanus Borders.[1]  In his memorandum, plaintiff also requests that the Court assess attorney's fees and costs against defendants.  Defendants in this matter are Louisiana Citizens Property Insurance Company, ABC Insurance Company, Chase Manhattan Mortgage Corporation, Chase Home Finance, L.L.C., and First American Flood Data Services.[2]  For the following reasons, plaintiff's motion to remand is **GRANTED**, but plaintiff's request for attorney's fees and costs is **DENIED**.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL

---

[1] Rec. Doc. No. 12.

[2] According to counsel for First American Real Estate Solutions of Texas, L.P., ("First American Real Estate"), First American Real Estate was improperly named in plaintiff's lawsuit as "First American Flood Data Services."  Rec. Doc. No. 15, p. 1.

3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Sylvanus Borders ("plaintiff") alleges that Chase Manhattan Mortgage Corporation and Chase Home Finance, L.L.C., (collectively "Chase"), were negligent and breached their contract with and/or fiduciary duty to plaintiff.  According to plaintiff, Chase was forced to place flood insurance and it failed to provide sufficient information with respect to that policy so that plaintiff could pursue a claim.[3]  Alternatively, plaintiff alleges that Chase failed to acquire flood insurance and/or various lender placed policies when it was legally required to do so.  Plaintiff further asserts that First American Data Services ("First American"), by

---

[3]Rec. Doc. No. 1-4, pp. 10-11, paras. 46-54.

2

providing incorrect information to Chase regarding the flood zone status of plaintiff's property, i.e. that plaintiff's property was located in flood zone B as opposed to zone A, was negligent. *Id.* at p. 11, paras. 55-58.

Chase and First American (collectively "defendants") argue that federal jurisdiction exists in this case pursuant to 28 U.S.C. § 1331 because plaintiff's claims for damages are based upon a purported violation of the Flood Disaster Protection Act.[4] However, the fact that plaintiff, in his complaint, has alluded to federal in connection with his state law claims, i.e. negligence, breach of contract, and breach of fiduciary duty, does not mandate a finding of federal jurisdiction pursuant to 28 U.S.C. § 1331. *See Merrel Dow Pharm. Inc. v.* Thompson, 106 U.S. 804, 818, 106 S. Ct. 3229, 3237, 92 L. Ed. 2d 650 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treatises of the United States.'") (quoting 28 U.S.C. § 1331); *Saadat v. Landsafe Flood Determination Inc.; Countrywide Home Loans Inc.*, No. 07-20470 (5th Cir Nov. 1, 2007) (citing *Merrel Dow*, 106 U.S. at 818).

Considering the fact that neither plaintiff nor defendants allege that 42 U.S.C.A. § 4012a(e) or 12 C.F.R. § 339.7,[5]

---

[4]Rec. Doc. No. 13, p. 8.

[5]42 U.S.C.A. § 4012a(e) Placement of flood insurance by lender states in pertinent part:

3

the statutes that defendants allege plaintiff has associated with his claims, provide private causes of action, the Court finds that any references made by plaintiff to federal law does not, by itself, provide this Court with subject matter jurisdiction. *See, e.g., Till v. Unifirst Fed. Sav. and Loan Ass'n*, 653 F.2d 152, 161-62 (5th Cir. 1981); *Arvai v. First Fed. Sav. & Loan*, 698 F.2d 683, 684 (4th Cir. 1983); *Hofbauer v. Nw. Nat'l Bank of Rochester, Minn.*,

---

(1) Notification of borrower of lack of coverage

If, at the time of origination or at any time during the term of a loan secured by improved real estate or by a mobile home located in an area that has been identified by the Director (at the time of the origination of the loan or at any time during the term of the loan) as an area having special flood hazards and in which flood insurance is available under the National Flood Insurance Act of 1968 [42 U.S.C.A. § 4001 et seq.], the lender or servicer for the loan determines that the building or mobile home and any personal property securing the loan is not covered by flood insurance or is covered by such insurance in an amount less than the amount required for the property pursuant to paragraph (1), (2), or (3) of subsection (b) of this section, the lender or servicer shall notify the borrower under the loan that the borrower should obtain, at the borrower's expense, an amount of flood insurance for the building or mobile home and such personal property that is not less than the amount under subsection (b)(1) of this section, for the term of the loan.

(2) Purchase of coverage on behalf of borrower

If the borrower fails to purchase such flood insurance within 45 days after notification under paragraph (1), the lender or servicer for the loan shall purchase the insurance on behalf of the borrower and may charge the borrower for the cost of premiums and fees incurred by the lender or servicer for the loan in purchasing the insurance.

12 C.F.R. § 339.7 provides that,

If a bank, or a servicer acting on behalf of the bank, determines, at any time during the term of a designated loan, that the building or mobile home and any personal property securing the designated loan is not covered by flood insurance or is covered by flood insurance in an amount less than the amount required under § 339.3, then the bank or its servicer shall notify the borrower that the borrower should obtain flood insurance, at the borrower's expense, in an amount at least equal to the amount required under § 339.3, for the remaining term of the loan. If the borrower fails to obtain flood insurance within 45 days after notification, then the bank or its servicer shall purchase insurance on the borrower's behalf. The bank or its servicer may charge the borrower for the cost of the premiums and fees incurred in purchasing the insurance.

4

700 F.2d 1197, 1201 (8th Cir. 1983). The Court lacks subject matter jurisdiction with respect to plaintiff's claims against Chase and First American as these claims do not arise under the laws of the United States.

Defendants also argue that the Court has subject matter jurisdiction with respect to plaintiff's claims against ABC Insurance Company ("ABC") pursuant to 42 U.S.C.A. § 4072,[6] which provides federal courts with exclusive jurisdiction over lawsuits relating to standard flood insurance policies.[7] However, the Court notes, as do defendants, that plaintiff's petition names ABC as a defendant, but fails to allege a cause of action against ABC.[8]

Defendants speculate that plaintiff's claims against ABC are with respect to the "alleged lender-placed flood insurance policy." *Id.* at 13. The Court cannot find jurisdiction based on defendants'

---

[6] 42 U.S.C.A. § 4072 states:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

[7] Rec. Doc. No. 13, pp. 12-13.

[8] *Id; see also* Rec. Doc. No. 1-4. Plaintiff withheld service of process against the ABC Insurance Company which was described by plaintiff as a foreign and/or domestic insurance company. Rec. Doc. No. 1-4, p. 2. The Court is unable to discern, from a reading of the complaint, whether ABC is the real or fictitious name of the insurance company made a defendant by plaintiff.

5

speculation as to plaintiff's *possible* causes of action against ABC. *Carpenter v. Wichita Falls Ind. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("Generally, under section 1331, a suit arises under federal law if there appears *on the face of the complaint* some substantial, disputed question of federal law . . . . [T]o support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal."); *Sadaat*, No. 07-20470 ("A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action.") (quoting *Carpenter*, 44 F.3d at 366). Considering the fact that "any doubt as to the propriety of removal should be resolved in favor of remand," the Court finds that it does not, at this time, have jurisdiction over any claims that plaintiff may have against ABC. *Ameen v. Merck & Co., Inc.*, 226 Fed. Appx. 363, 368 (5th Cir. 2007).

This Court has previously discussed the applicable standards and analysis for imposing attorney's fees and costs for improper removal. *See Richmond*, 2006 WL 2710566, at *7. After fully considering the law, the facts, and the arguments of all parties, the Court denies plaintiff's request for attorney's fees and costs.

Accordingly,

The Court finds that it does not have jurisdiction pursuant to 28 U.S.C.A. § 1331 to resolve the captioned matter and **IT IS**

6

**ORDERED** that the motion to remand filed on behalf of plaintiff[9] is **GRANTED** and that the case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, November ___7th___, 2007.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[9] Rec. Doc. No. 12.